UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LAVON DAWSON,

                               Petitioner,

                                                                    **ORDER**
     -against-                                  22-CV-6341(GRB)

SHERIFF ERROL D. TOULON, JR.,

                               Respondent.
-----------------------------------------------------------------X
**GARY R. BROWN, United States District Judge:**

       Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by petitioner Lavon Dawson ("petitioner"), acting *pro se*, while incarcerated at the Suffolk County Correctional Facility (the "Jail"). *See* Docket Entry "DE" 4. Petitioner has filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Suffolk County Sheriff Errol D. Toulon, Jr. ("respondent") seeking to challenge his on-going state criminal prosecution. DE 1.

       Upon review, the Court finds that petitioner is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, petitioner's application to proceed IFP is granted. However, for the reasons that follow, petition is dismissed without prejudice as it is unexhausted.

## BACKGROUND

**1. Summary of the Petition[1]**

       Petitioner submitted his sparse *pro se* petition using the Court's form for petitions brought pursuant to 28 U.S.C. § 2241 and seeks to challenge his detention during an on-going state

---

[1] Excerpts from the petition are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

prosecution under criminal case number 01120-2021 in the Suffolk County Court, Criminal Term. DE 1 ¶ 4.[2]  Although far from clear, it appears that petitioner seeks to challenge the denial of his motion brought pursuant to New York Criminal Procedure Law § 30.30 and alleges that his constitutional right to a speedy trial has been deprived.  *Id*. ¶¶ 6-7, 12-13.[3]  In the space on the form that calls for the relief requested, petitioner wrote that he wants this Court to "[d]ismiss the indictment in the interest of justice, [and] to release the captive. . . ."  *Id*. ¶ 15.

## LEGAL STANDARDS

"A *pro se* petitioner's submissions are held 'to less stringent standards than formal pleadings drafted by lawyers.'"  *York v. Warden Shannon*, No. 22-CV-2663 (PKC), 2022 WL 16715921, at *1 (E.D.N.Y. Nov. 4, 2022) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (add'l citation omitted)).  Indeed, "[a] court must construe the pleadings of a *pro se* petitioner liberally and interpret them 'to raise the strongest arguments that they suggest.'"  *York*, 2022 WL 16715921, at *2 (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted) (collecting cases)).  However, "a *pro se* petitioner is not exempt from compliance with relevant rules of procedural and substantive law."  *York*, 2022 WL 16715921, at *2 (citing *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally

---

[2] According to the information maintained by the New York State Office of Court Administration on its public website, petitioner pled not guilty on September 10, 2021 under case # CR-01120-2021 to charges including one felony count of criminal possession of narcotics (heroin) with intent to distribute in violation of New York Penal Law § 220.16(1).  *See* https://iapps.courts.state ny.us/webcrim (last visited on November 22, 2022); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)) (stating that docket sheets are public records of which a court may take judicial notice). The trial is scheduled for December 12, 2022.  *Id.*

[3] It appears that petitioner's motion brought pursuant to New York Criminal Procedure Law § 30.30 was denied by Judge Ambro on September 19, 2022.  *See* https://iapps.courts.state.ny.us/webcrim (last visited on November 22, 2022).    Petitioner references this decision with an erroneous September 30, 2022 date.  (Pet., DE 1 at ¶¶ 6(d), (7), 12(F), 13.)

are required to inform themselves regarding procedural rules and to comply with them.")).

"Federal courts may grant habeas relief pursuant to 28 U.S.C. § 2241 to prisoners 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3). Section 2241 can supply relief for state pretrial detainees." *York*, 2022 WL 16715921, at *1 (citing *Fredricks v. Hallett*, No. 21-CV-3690 (LTS), 2021 WL 2000074, at *2 (S.D.N.Y. May 17, 2021) ("[A] state pretrial detainee may be able to challenge the constitutionality of his detention in a petition for a writ of habeas corpus under 28 U.S.C. § 2241." (collecting cases))). "A petitioner seeking relief under 28 U.S.C. § 2241 must exhaust available state court remedies." *York*, 2022 WL 16715921, at *1 (citing *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.")); *see also Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 489-90 (1973) (requiring exhaustion for a habeas petition brought under Section 2241 alleging denial of speedy trial); *Grafton v. Dzurenda*, No. 20-CV-3052 (MKB), 2020 WL 9816012, at *2 (E.D.N.Y. Dec. 11, 2020) ("Although section 2241 does not contain a statutory exhaustion requirement, binding precedent establishes that a section 2241 petitioner must exhaust his available state-court remedies before seeking relief in federal court."). "To exhaust state remedies properly, a petitioner must 'fairly present each claim for habeas relief in 'each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.'" *York*, 2022 WL 16715921, at *1 (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted)).

**DISCUSSION**

In the instant matter, petitioner challenges the state trial court's September 2022 denial of his 30.30 motion and his continued pretrial detention. *See* DE 1, *in toto*. However, petitioner has not appealed his constitutional claim to the highest state court having jurisdiction. *Id.* at ¶ 8. Indeed, petitioner alleges that he has not appealed the denial "to a higher authority, agency, or court." *Id.* Moreover, given that the instant petition was filed on October 11, 2022, on the heels of the challenged decision, it is apparent that petitioner has not exhausted his state court remedies. Thus, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed without prejudice as it is unexhausted.[4]

---

[4] The Court has also considered whether petitioner's failure to exhaust may be excused. "A petitioner who has not exhausted available state court remedies generally may seek a federal writ of habeas corpus only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice." *Stewart v. Collins*, No. 21-CV-2622 (LTS), 2021 WL 4868586, at *3 (S.D.N.Y. Oct. 18, 2021) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Here, as is readily apparent, petitioner's sparse submission does establish a basis to excuse exhaustion.

## CONCLUSION

For the reasons set forth above, the petition is dismissed without prejudice because it is unexhausted. Given that this dismissal is exclusively on procedural grounds, any subsequent petition asserting the same grounds for relief after proper exhaustion shall not count as a "second" or "successive" petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45(1962). The Clerk of the Court is directed to close the case.

The Clerk of Court shall serve a copy of this order to petitioner at his address of record and to note such service on the docket.

**SO ORDERED**.

                                                                                    /s/_____
                                                                      **Hon. Gary R. Brown**
                                                                      **United States District Judge**

Dated:       November 22, 2022
               Central Islip, New York